UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JADA R. ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:05-CV-269-TS |
| | ) |
| BETHESDA LUTHERAN HOMES | ) |
| AND SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Bethesda Lutheran Homes and Service, Inc.'s, Motion to Dismiss [DE 14] Plaintiff Jada Rosa's Complaint pursuant to Federal Rule of Civil Procedure 16(f). Included in this Motion is a request for attorney's fees. For the reasons stated herein, the Defendant's Motion is granted.

**BACKGROUND**

On August 5, 2005, the Plaintiff filed her pro se Employment Discrimination Complaint for violations of Title VII and the American with Disabilities Act. On August 29, the Defendant filed its Answer. On August 30, the Court issued a Notice of Preliminary Pretrial Conference advising the parties that a conference was set for October 3, 2005, at 1:30 p.m. This Notice was sent to the Plaintiff's last known address.

The Defendant's counsel participated in the October 3 conference. The Plaintiff did not appear or participate by telephone. The Plaintiff also failed to participate in the development of a discovery plan that was to be filed pursuant to Rule 26(f). On October 4, the Court issued an order rescheduling the preliminary pretrial conference for October 26 at 1:30 p.m. This order too was sent

to the Plaintiff's last known address. The order warned the Plaintiff that failure to appear at the scheduling conference "may result in the imposition of sanctions including possible dismissal of the case pursuant to Fed. R. Civ. P. 16(f)." (DE 12 at 1–2.)

On October 26, the Plaintiff again failed to appear or to participate in the conference. Defense counsel indicated that it intended to file a motion to dismiss and the Court did not establish any other conference dates or deadlines. On November 23, the Defendant filed its Motion to Dismiss and requested $370 in attorney's fees for its participation in the October 26 hearing and for drafting the motion to dismiss. The Plaintiff did not file a response and has not filed any pleading, motion, brief, or other paper in this matter since August 2005.

## DISCUSSION

**A.     Dismissal as Sanction**

Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C) allow for dismissal of an action where the party has filed to obey a scheduling or pretrial order. Rule 41(b) provides for dismissal for failure of the plaintiff to prosecute or to comply with the federal rules or any order of the court.

Rule 16(f) is particularly applicable in this case because it governs a party's failure to appear at a scheduling or pretrial conference. Fed. R. Civ. P. 16(f). However, the criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same. *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

> Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice. One way in which a plaintiff can fail to prosecute his case is by disobeying a discovery order and another way is by disobeying an order to attend a preconference hearing. A determination that by disobeying either type of order the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule

2

16, without reference to 41(b).

*Id.*

Judge Posner, writing for the Seventh Circuit, has articulated the "principles that ought to guide district court judges in the exercise of their discretion to impose sanctions, up to and including dismissal, because of dilatory or obstructive behavior by litigants or their lawyers." *Ball v. City of Chicago*, 2 F.3d 752, 753 (7th Cir. 1993). These principles "canalize the district court's discretion." *Id.* at 755.

One such principle requires that the district court issue "due warning" to the plaintiff before dismissing a case for failure to prosecute. *Id.* at 755–56. The court need not issue repeated warnings, but must issue a direct, explicit warning to the offending party. *Id.* at 756 ("District judges would be well advised to give the lawyer an express warning before dismissing a case for failure to prosecute."). Here, the Court's October 4 order provided adequate warning that failure to appear at the court-scheduled pretrial conference could result in dismissal of her case.

The court should also consider the efficacy of less severe sanctions meant to punish the lawyer before imposing the ultimate sanction of dismissal. While there is no hard and fast rule requiring courts only to issue a dismissal as a last resort, "it is a sound practice and one that we commend to our district judges." *Id.* at 758. "The drastic nature of dismissal with prejudice requires the action to be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citation omitted).

The Seventh Circuit has summarized these factors and others relevant to the decision whether to dismiss a suit under Rule 41(b) as follows:

3

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball*, 2 F.3d at 759–60; *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (holding that ordinary misconduct, as opposed to "egregious misconduct," can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction upon considering the possible merit of the underlying suit, the gravity of the misconduct, and the prejudice to the defendant).

The Plaintiff, fully aware of the possibility of dismissal, both by this Court's previous warning and the Defendants' motion for dismissal, has still not made any attempt to explain her conduct or, to this Court's knowledge, participate in the development of a discovery plan as required by Rule 26(f). There is a pattern of noncompliance with the Court's pretrial orders for which the Plaintiff has not provided an adequate excuse. The Plaintiff has taxed both the Court's and the Defendant's time by her failure to appear and there is no indication that any future court orders or settings would be honored by the Plaintiff. The suit has been pending for nine months without any indication from the Plaintiff that she will participate in court-ordered conferences necessary to develop a plan to govern this case. The Court cannot apportion any of the responsibility for these failures on the Plaintiff's attorney because she does not have one. Accordingly, less severe sanctions meant to punish the lawyer are not available in this case.

The Court finds that the circumstances of this case warrant the sanction of dismissal of the Plaintiff's suit with prejudice under Rule 16(f), through its incorporation of Rule 37(b)(2)(C).

**B.      Attorney's Fees**

> In lieu of or in addition to any other sanction, the judge shall require the party . . .to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances made an award of expenses unjust.

Fed. R. Civ. P. 16(f ). The Defendant contends that it incurred "approximately $370.00" in attorneys' fees for preparation and participation in the October 26 hearing and to draft the motion to dismiss. There is no evidence that the Plaintiff's noncompliance was substantially justified or that circumstances would make an award of expenses, including attorney's fees, unjust. The Plaintiff is required to pay the Defendant the reasonable expenses it incurred from her noncompliance.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 14] is GRANTED and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The Defendant's Motion for Attorney's Fees [DE 14] is also GRANTED. The Defendant has twenty days from the issuance of this Opinion and Order to submit the necessary documents to support its request for $370.

SO ORDERED on May 2, 2006.

> s/ Theresa L. Springmann
> THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT